IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. _____

_____  )
                                     )
GEORGIA WELCH,                       )
                                     )
          Plaintiff,                 )
                                     )
     vs.                             )
                                     )
                                     )
SEDGWICK CLAIMS MANAGEMENT           )
SERVICES, INC. and                   )
DAIMLER TRUCKS NORTH AMERICA         )
DISABILITY BENEFITS PLAN FOR         )
NON-BARGAINING EMPLOYEES,            )
                                     )
          Defendants.                )
_____  )

**COMPLAINT**

PRELIMINARY STATEMENT[1]

Georgia Welch ("Plaintiff") brings this ERISA action against Sedgwick Claims Management Services, Inc. ("Sedgwick") and Daimler Trucks North America Disability Benefits Plan for Non-Bargaining Employees (the "Plan") to secure long-term disability and other benefits to which Plaintiff is entitled under the Plan, which is administered by Sedgwick. Ms. Welch is covered under the policy by virtue of her employment with Daimler Trucks North America ("Daimler"), the sponsor of the Plan.

---

[1]This Preliminary Statement gives a synopsis of Plaintiff's claim and is not intended as an allegation to be answered by Defendants.

## PARTIES

1. Plaintiff Georgia Welch ("Plaintiff") is a citizen and resident of Mecklenburg County, North Carolina.

2. Defendant Sedgwick is a properly organized business entity doing business in the state of North Carolina.

3. The Plan is an employee welfare benefit plan organized and subject to ERISA, 29 U.S.C. Section 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Daimler sponsored and maintained the Plan.

## JURISDICTION AND VENUE

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132.

5. Venue in the Western District of North Carolina is appropriate by virtue of Defendants doing business and being found in this district, and the denial of benefits to Plaintiff in this district.

## FACTUAL ALLEGATIONS

6. At all times relevant to this action, Plaintiff has been a covered beneficiary under the Plan by virtue of her employment with Daimler.

7. The Plan offers long-term disability ("LTD") benefits.

8. Under the terms of the Plan, Defendant Sedgwick has authority to grant or deny benefits.

9. Defendant Sedgwick has a fiduciary obligation to Plaintiff to administer the Plan fairly, to grant or deny benefits under the Plan fairly, and to determine benefits according to the terms of the Plan.

10. Plaintiff is a 53-year old woman who worked for Daimler as a sales coordinator until on or about September 20, 2016. On that date, Plaintiff's impairments became so severe that she could no longer work, and she was forced to leave her employment.

11. Plaintiff suffers from Lupus, Rheumatoid Arthritis, Fibromyalgia and Chronic Fatigue Syndrome, which prevent her from performing her regular or customary work or any gainful occupation that her training, education or experience will reasonably allow.

12. Plaintiff applied to Defendant Sedgwick and the Plan for Short-Term Disability ("STD") and LTD benefits and submitted medical information to Defendant Sedgwick showing that she is totally disabled. Plaintiff was awarded STD benefits.

13. However, after it granted Plaintiff's claim for STD benefits on September 20, 2016, Defendant Sedgwick then denied Plaintiff's claim for STD and LTD benefits on December 2, 2016.

14. Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of Defendant Sedgwick's denial of benefits. She submitted additional information to show that she is totally disabled.

15. Defendant Sedgwick denied Plaintiff's appeal of her claim for LTD benefits. To the extent required under law, Plaintiff exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132.

16. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

      a.      Plaintiff has been wrongfully denied long-term disability benefits.

      b.      Defendant Sedgwick failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled; and

      c.      Defendant Plan has violated its contractual obligation to furnish LTD benefits to Plaintiff.

## FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 USC § 1132

17. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-16 above.

18. Defendant Sedgwick has wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

      a.      Plaintiff has been wrongfully denied long-term disability benefits;

      b.      Defendant Sedgwick failed to accord proper weight to the evidence in the administrative record; and

      c.      Defendant Plan has violated its contractual obligation to furnish long-term disability benefits to Plaintiff.

## SECOND CLAIM FOR RELIEF: ATTORNEY'S FEES UNDER ERISA § 502, 29 USC § 1132

19. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-18 above.

20. Plaintiff is entitled to her attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to LTD benefits under the terms of the Plan, and that Defendants be ordered to pay LTD benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the maximum age for which benefits are provided under the Plan;

2. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendants' wrongful denial in providing benefits to Plaintiff;

3. Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest; and

4. Enter an award for such other and further relief as may be just and appropriate.

Dated this 7th day of September 2017.

Respectfully Submitted,

*/s/ Rachel C. Matesic*
Rachel C. Matesic (N.C. Bar. No. 50156)
Marcellino & Tyson, PLLC
1315 East Boulevard, Suite 250
Charlotte, North Carolina 28203
Telephone: 704.919.1519
Fax: 980.219.7025
rachel@yourncattorney.com

*/s/ Wesley J. Rainer*
Wesley J. Rainer (N.C. Bar. No. 48662)
Marcellino & Tyson, PLLC
1315 East Boulevard, Suite 250
Charlotte, North Carolina 28203
Telephone: 704.919.1519
Fax: 980.219.7025
wesley@yourncattorney.com

**Attorneys for Plaintiff Georgia Welch**